UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTAEUS ANDERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) No. 1:16-cv-00794-TWP-DML ) |
| JOSHUA SHAVER, BRUCE LEMMON, D. ZATECKY, UNKNOWN DEFENDANTS, | ) ) ) ) ) |
| Defendants. | ) |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Antaeus Anderson, an inmate of the Indiana Department of Correction, alleges that he was subjected to excessive force and his property was taken by prison officials at the Pendleton Correctional Facility. He alleges that his constitutional rights were violated and brings this complaint pursuant to 42 U.S.C. § 1983.

**I. Screening of the Complaint**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), the complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations

omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the plaintiff's claim that he was subjected to excessive force **shall proceed against** defendant Joshua Shaver.

Any claim pursuant to the due process clause of the Fourteenth Amendment based on the seizure of the plaintiff's property must be **dismissed**.[1] The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law," but a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional deprivation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984)("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.").

Indiana's Tort Claims Act (IND. CODE § 34-13-3-1 et seq.) provides for state judicial review of property losses caused by government employees, and provides an adequate post-deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *Wynn v. Southward,* 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post-deprivation remedy in the Indiana Tort Claims Act, and no more process was due."); *Zinerman v. Burch,* 110 S. Ct. 975, 983 (1990) ("Deprivation of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest without due process of law . . . . The constitutional violation actionable under § 1983 is not complete when the deprivation occurs; it is not complete unless and until the State fails to provide

---

[1] Any Fourth amendment claim must also be **dismissed** because prisoners have no reasonable expectation of privacy in their property. *See Hudson v. Palmer*, 468 U.S. 517 (1984).

due process."). Because the plaintiff has an adequate state law remedy, the alleged deprivation of his property was not a constitutional violation. *Weaver v. Combs,* 2008 WL 4371342, *3 (S.D. Ind. 2008).

Any claim based on an allegation that acts on the part of the defendants violated the plaintiff's right of access to the courts must be **dismissed**. "[T]o state a right to access-to-courts claim and avoid dismissal under Rule 12(b)(6), a prisoner must make specific allegations as to the prejudice suffered because of the defendant's alleged conduct. This is because a right to access-to-courts claim exists only if a prisoner is unreasonable prevented from presenting legitimate grievances to a court; various resources, documents, and supplies merely provide the instruments for reasonable access, and are not protected in and of themselves. Thus, when a plaintiff alleges a denial of the right to access-to-courts, he must usually plead specific prejudice to state a claim, such as by alleging that he missed court deadlines, failed to make timely filing, or that legitimate claims were dismissed because of the denial of reasonable access to legal resources." *Ortloff v. United States,* 335 F.3d 652, 656 (7th Cir. 2003)(general allegations that destruction of legal papers prejudiced pending lawsuits did not state a claim). The plaintiff's broad allegations that the prosecution of his lawsuits was hindered is insufficient to raise his right to relief on this claim above a speculative level. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs.*, 536 F.3d 663, 668 (7th Cir. 2008) (quoting *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). (The complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.").

Claims against all unknown John Doe defendants are **dismissed** for failure to state a claim upon which relief can be granted because "it is pointless to include [an] anonymous defendant [ ] in federal court; this type of placeholder does not open the door to relation back under Fed.R.Civ.P.

15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). Bringing suit against unnamed, or "John Doe," defendants in federal court is generally disfavored by the Seventh Circuit. If through discovery, the plaintiff is able to learn the name of the unknown defendants, he may seek leave to add a claim against them.

Any claim against Dushan Zatecky or Bruce Lemmon must be **dismissed** because the plaintiff has not alleged that these defendants personally participated in the acts at issue. If an official, who is not otherwise responsible for allegedly unconstitutional conditions or actions, could be held liable upon being notified by the plaintiff, then a plaintiff could choose to bring any and all officials within the scope of liability simply by writing a series of letters. To allow liability to be based upon "such a broad theory. . . [would be] inconsistent with the personal responsibility requirement for assessing damages against public officials in a § 1983 action." *Crowder v. Lash*, 687 F.2d 996, 1006 (7th Cir. 1982); *Vance v. Rumsfeld*, 701 F.3d 193, 204, 2012 WL 5416500, 10 (7th Cir. 2012) (knowledge of subordinates' misconduct is not enough for liability).

Finally, the claim that his freedom of religion rights were violated through the confiscation of his religious materials must be **dismissed** because the plaintiff does not identify what defendant is personally responsible for the alleged deprivation. *See George v. Smith,* 507 F.3d 605, 609 ((7th Cir. Cir. 2007)("Only persons who cause or participate in the violations are responsible").

## II. Conclusion

For the reasons discussed above, the plaintiff's claim for excessive force against defendant Joshua Shaver **shall proceed**. All other claims are dismissed.

The clerk is designated pursuant to *Fed. R. Civ. P*. 4(c)(3) to issue process to defendant Shaver in the manner specified by Rule 4(d). Process shall consist of the complaint, applicable

forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 06/14/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ANTAEUS ANDERSON
166285
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
BUNKER HILL, IN 46914

Joshua Shaver
Pendleton Correctional Facility
4490 W. Reformatory Rd.
Pendleton, IN 46064